UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA STOICICH, | 1:05-CV-00615-AWI-SMS |
|     Plaintiff, | **FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REVERSE AND/OR REMAND DECISION OF COMMISSIONER** |
| vs. | |
| MICHAEL J. ASTRUE,*  Commissioner of Social Security, | (Doc. 14) |
|     Defendant. | |

Plaintiff is proceeding in forma pauperis with an action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act. Plaintiff filed a previous application for disability benefits which was dismissed by the ALJ on or about November 26, 1997, based on Plaintiff's failure to appear at the hearing (A.R. 25-28); no appeal was filed following that determination and it is administratively final.

_____

\* Michael J. Astrue is substituted as Commissioner of the Social Security Administration.  42 U.S.C. § 405(g); Fed.R.Civ.P. 25(d)(1).

1

In this case, Plaintiff is represented by counsel.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(15).

Pending before the Court is Plaintiff's motion to reverse or in the alternative, remand the decision of the Commissioner.

### PRIOR PROCEEDINGS

On January 3, 2002, Plaintiff applied for supplemental security income disability benefits, alleging disability beginning on January 1, 1997, due to mental impairments and drug and alcohol dependence.  (A.R. 58-61, 93, 122)  Plaintiff's claim was denied initially and on reconsideration.  (A.R. 33-36, 33-41)  Plaintiff requested a hearing before an administrative law judge ("ALJ") of the Social Security Administration ("SSA").  On May 28, 2003, a hearing was held before the ALJ, the Honorable William C. Thompson, Jr.  Although Plaintiff's attorney was present, Plaintiff failed to appear at the hearing.  Plaintiff's attorney requested that a decision be made based on the evidence in the record.  (A.R. 261-262)  On September 26, 2003, the ALJ issued a decision denying Plaintiff's claim for benefits.  (A.R. 13-24)  The Appeals Council denied review on March 3, 2005, and the decision of the ALJ became the final decision of the Commissioner.  (A.R. 5-8)

On May 4, 2005, Plaintiff filed the complaint in the instant action.  Defendant filed the administrative record on September 15, 2005.  On December 20, 2005, Plaintiff filed an opening brief, and Defendant filed a brief in opposition on January 18, 2006.  The matter is currently before the Court on the parties' briefs, which have been submitted without oral

argument to the Honorable Sandra M. Snyder, United States Magistrate Judge.

### ADMINISTRATIVE FINDINGS

The ALJ considered whether Plaintiff was disabled due to depressive disorder, polysubstance dependence, rule out alcohol-induced mood disorder, personality disorder, and hepatitis C and B.  He found that when Plaintiff is using drugs, her condition meets the requirements of listing 12.09 for substance abuse disorders.  She experiences marked limitations in her activities and daily living and marked difficulties maintaining social functioning.  She has marked deficiencies of concentration, persistence or pace, and she has had three or more episodes of decompensation.  The ALJ also found that Plaintiff's statements concerning her impairments' continued impact on her ability to work are not entirely credible in light of discrepancies between the Plaintiff's assertions and information contained in the documentary reports and the reports of the treating and examining practitioners.  Without drug abuse or alcoholism, Plaintiff would have no impairments that meet the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 C.F.R., Part 404, Subpart P, Appendix 1).

In view of the above, Plaintiff has the residual functional capacity ("RFC") to perform light work requiring no more than simple work, with 1- and 2-step processes, minimal contact with co-workers or the general public and some slight restrictions in activities of daily living, moderate difficulties in social functioning and deficiencies in concentration.  Plaintiff has no past relevant work.  She has the residual functional capacity

("RFC") to perform the full range of light work with the above-noted limitations, and at 41 years of age, is defined as a younger individual with a "limited" tenth grade education. Considering the above criteria, the ALJ found that Plaintiff could perform work in the national economy, and was therefore not disabled based on the framework of Medical-Vocational Guideline 202.17 and vocational expert testimony (Tr. 262-264.)  20 C.F.R. pt. 404, subpt. P, app. 2, Medical-Vocational Guideline 202.17.

## ISSUES PRESENTED

1.  Whether the ALJ properly apply the law to drug and alcohol addiction ("DAA").

2.  Whether the ALJ properly reported and evaluated the substantial evidence of the record.

## APPLICABLE LAW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the

4

decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that the claimant is not only unable to do the

5

claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. 1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual functional capacity, as well as her age, education and last fifteen years of work experience.  Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: (1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (1997); (2) whether solely on the basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); (3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); (4) whether the applicant has sufficient residual functional capacity, defined as what an individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and, (5) whether on the basis of the applicant's age, education,

6

work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

With respect to SSI, the five-step evaluation process is essentially the same.  See 20 C.F.R. § 416.920.

## ANALYSIS

I.   CONSIDERATION OF PLAINTIFF'S DRUG/ALCOHOL ADDICTION

As stated by the ALJ in his decision (A.R. 18), Section 105 of Public Law 104-121, the Contract with America Advancement of 1996, changes how the SSA processes Title II and Title XVI disability cases in which drug addiction or alcoholism is present.  This statute states that an "individual shall not be considered to be disabled for purposes of [benefits under Title II or XVI of the Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).  See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

This requires a determination as to whether or not a claimant's drug addiction and/or alcoholism is a "contributing factor material to the determination of disability."  20 C.F.R. § 404.1535.  This provision states that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol."  Id.  Thus, if a claimant's current physical or mental limitations would remain once he stopped using drugs and alcohol, and these remaining limitations are disabling, then

7

drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled.  Id.

The ALJ must first determine from the full sequential evaluation process, based on all of Plaintiff's circumstances including drug addiction or alcoholism, if Plaintiff is disabled. If Plaintiff is found disabled, the ALJ then must determine if drug addiction or alcoholism is a contributing factor material to the disability determination.  Bustamante v. Massanari, 262 F.3d at 955.  The claimant bears the burden of proving that his alcoholism or drug addition is not a contributing factor material to his disability determination.  42 U.S.C. § 423(d)(2)(C); see also Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001).

In this case, Plaintiff alleges that the ALJ did not review the evidence related to her depression and psychotic disorder independent of the substance abuse, and that further, he did not evaluate the evidence which was favorable to Plaintiff.  She refers to two medical expert reports regarding her depression and psychotic disorder that were favorable to her.  (A.R. 180, 184, 185)

The Court does not agree.  The ALJ evaluated all of Plaintiff's circumstances in conducting the five-step inquiry, including drug addiction or alcoholism, in making the initial determination that she had severe impairments within the meaning of the Regulations.  He concluded, "from a review of the available medical and opinion evidence, that the claimant has polysubstance dependence, a depressive disorder, rule out alcohol-induced mood disorder, personality disorder, and hepatitis C and B.  These impairments are severe within the meaning of the Regulations."  (A.R. 20)

8

The ALJ then properly considered whether Plaintiff would be disabled if she stopped her drug and alcohol abuse. The ALJ determined from a review of the records that if Plaintiff were to remain clean and sober, she would not meet the criteria of any listed impairments. In reaching this determination he relied upon the record, specifically referring to and agreeing with the findings of the state agency physician, Dr. Lyons. (A.R. 96-109) However, the ALJ did not solely rely upon that evaluation. He noted that additional evidence to complete the record had been submitted, and that it showed Plaintiff had three or more psychiatric hospitalizations.

The ALJ found Plaintiff had marked restriction in activities of daily living, marked difficulties in maintaining social functioning, constant deficiencies of concentration, persistence or pace, and she has had three or more episodes of deterioration or decompensation, and she thus met the requirements of Listing 12.09.

Other evidence in the record supports the determination that Plaintiff's alcohol and drug dependence was a contributing factor material to the finding of disability. The report from the Stanislaus Behavioral Health Center shows Plaintiff was admitted on May 22, 2002, for polysubstance dependence, depressive disorder not otherwise specified ("NOS"), psychotic disorder NOS, showed a Global Assessment of Functioning ("GAF") as 30/00. Upon discharge, she was noted to have depressive disorder NOS, rule out alcohol induced mood disorder, polysubstance dependence and a GAF of 65/65. (A.R. 21, 120-126) Similar evidence from a hospitalization in December, 2001 further supports the decision

of the ALJ.[1]  (A.R. 20, 120)  The ALJ correctly noted that upon discharge from hospitalization it can be presumed that Plaintiff was clean and sober at the time of her discharge.  This evidence supports the ALJ's finding that absent drug and alcohol addiction, Plaintiff is not disabled within the meaning of the Act.

  Nor does the record support Plaintiff's argument that the ALJ failed to consider two favorable reports by medical experts who evaluated Plaintiff's mental condition independent of her substance abuse.  (A.R. 180, 184, 185).  These documents are two psychiatric reviews performed by a DDS physician, and rather than failing to consider the information therein, these reviews are discussed by the ALJ in his decision (A.R. 21, ¶¶ 5-6), and relied upon by him in determining residual functional capacity ("RFC").  These forms were generated for use with a Consult Request for determination of RFC (A.R. 188), and Dr. F. Mateus, consulting physician, stated:

> Without D/A, this patient still has some problem with depression but this is resolving as she has more sobriety time.  Noted that on 7/02 - her antipsychotic medications were discontinued since psychosis has resolved without D/A. . . . On 8/02 - noted that Effexor was being discontinued since psychosis diminished and she will be tried on Wellbutrin due to gain in weight with Effexor.  She is doing well.  Her affect is bright.  Without D/A, this patient would be able to sustain SGA.  Diagnosis: Depression, NOS, polysubstance dependence, in early remission.  Capabilities: Limited to simple tasks with simple instructions with minimal contact with people so long

---

[1] Plaintiff argues that the GAF scores are indicative of multiple mental symptoms and limitations which was ignored by the ALJ.  As the Defendant points out, GAF scores are but one indicator used in evaluating mental health, but do not factor into the Listings for mental impairment, as the rating does not have a correlation to the severity requirements in mental health disorders.  See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, p. 29-32 (4th ed. 1994)

10

```
        as she remains clean and sober.  Tasks should be within
        her physical tolerance.
        (A.R. 189)
```

The ALJ not only considered the reports, but correctly considered them in the proper context.

Plaintiff next argues that during the relevant period there was over a year of sobriety, that is, from April 2001 until July 2002, and the ALJ failed to consider this properly.  However, the record shows that Plaintiff was admitted to the Stanislaus County Department of Mental Health on May 22, 2002, with polysubstance dependence, depressive disorder NOS and psychotic disorder NOS. (A.R. 122), and June 12, 2002, she was admitted to the Nirvana Drug and Alcohol Treatment Program with "303.90 Alcohol, 304.40 Meth, and 304.00 Heroin."  (A.R. 244)  The record belies this claim, and thus there was no error by the ALJ in this regard.

II.   <u>IS DECISION SUPPORTED BY SUBSTANTIAL EVIDENCE</u>

In arguing that the decision here is not supported by substantial evidence, Plaintiff contends that the ALJ did not correctly evaluate the evidence, did not give proper consideration and weight to the opinions of medical experts and the medical findings and failed to make credibility determinations with regard to Plaintiff's claims.

As the foregoing discussion with regard to the ALJ's consideration of Plaintiff's drug addiction and alcoholism demonstrates, the ALJ did correctly evaluate the evidence and gave proper weight and consideration to the opinions of the medical experts and their findings.  Plaintiff states that the matter should be remanded for further mental health evaluation and expert medical opinion.  As stated above, the ALJ noted in

11

his decision that further evidence had been submitted, what the evidence contained, and the record was reviewed as a whole. The Court finds that the findings with regard to Plaintiff's DAA as well as the ALJ's evaluation of the expert medical evidence to be free of error and supported by substantial evidence.

Plaintiff next argues that the ALJ failed to give adequate reasons for rejecting Plaintiff's credibility. The record contradicts Plaintiff's claim. The ALJ found Plaintiff's allegations generally not credible to the extent of establishing disability. He stated his reasons for this conclusion:

> She failed to appear at the current hearing. While she alleges that her DAA is in remission, the record is inconsistent with same and is replete with instances of DAA and relapses.

A.R. 22.

The record clearly supports the ALJ's conclusion as to credibility. Plaintiff had notice of the hearing and failed to appear, and the ALJ was aware that Plaintiff's previous application was dismissed based upon her failure to appear at the hearing. (A.R. 25-28) The ALJ did not reject Plaintiff's statements dealing with her mental impairments, but rather found her not credible to the extent of establishing disability. In particular, the ALJ rejected her claim that her DAA is in remission. The record is replete with instances of DAA and relapses, and reveals a long history of drug addiction and alcoholism, and numerous hospitalizations. (A.R. 93,122, 123, 222) Even Plaintiff's claim that she was drug free for the period from April 2001 until July 2002 is refuted by the records. The ALJ's stated sufficient reasons for finding Plaintiff's

allegations generally not credible, and the Court finds the credibility determination to be correct and supported by substantial evidence.

For the above reasons, the Court finds that the decision of the ALJ is correct and is supported by substantial evidence.

## RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision is supported by substantial evidence in the record as a whole, and is based upon proper legal standards.

Accordingly, it is RECOMMENDED that

1. Plaintiff's motion to reverse, or in the alternative, to remand the decision of the ALJ be DENIED; and,

2. Judgment BE ENTERED for Defendant Michael J. Astrue, and against Plaintiff Teresa Stoicich.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 17, 2007**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE